Filed 9/17/25  P. v. Tobias CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083309 |
| v. | (Super.Ct.No. RIF104131) |
| WILLIE JUNIOR TOBIAS, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed with instructions.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Liz Olukoya, Deputy Attorneys General, for Plaintiff and Respondent.

1

This appeal is before us for the second time. In our opinion issued on May 21, 2025, we held defendant and appellant Willie Junior Tobias, Jr., was not eligible for Penal Code section 1172.75 resentencing relief.[1] (*People v. Tobias* (May 21, 2025, E083309) [nonpub. opn.] (*Tobias I.*).) In this opinion, we will reverse and remand the matter with instructions that defendant be afforded a section 1172.75 resentencing hearing.

## BACKGROUND

In 2003, a jury found defendant guilty of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)) and battery causing serious bodily injury (§ 243, subd. (d)) and found true an enhancement for personal infliction of great bodily injury (§ 12022.7, subd. (a)). Defendant admitted three serious felony priors (§ 667.5, subd. (a)) and four prison priors (§ 667.5, subd. (b)). The trial court sentenced defendant to 43 years to life in state prison and imposed but stayed four one-year terms for the prison priors.

Defendant appealed the judgment. (*People v. Tobias* (June 21, 2004, E033801) [nonpub. opn.].) We remanded the matter to the trial court with directions to amend defendant's abstract of judgment to strike one of the prison prior enhancements that had been imposed and stayed, and affirmed the judgment in all other respects. (*Ibid.*)

---

[1] All further statutory references are to the Penal Code.

2

1. *The Developments Concerning the Elimination of Prior Prison Enhancements Other Than Those Involving Certain Sexually Violent Crimes*

In 2019, the Legislature amended subdivision (b) of section 667.5 (amended § 667.5(b)) to eliminate prior prison term enhancements unless the prior prison term was for specific sexually violent offenses. (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.) The amendment was retroactive to any case in which the judgment was not final. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342.)

In 2022, section 1172.75 became effective.[2] (Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022.) Subdivision (a) of that provision declares legally invalid any prison prior sentence enhancement defined in amended section 667.5(b) that was "imposed" prior to January 1, 2020, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Welfare and Institutions Code section 6600 (often referred to herein as a qualifying prison prior). (§ 1172.75, subd. (a).)

In relevant part, section 1172.75 requires the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to identify persons in their custody currently serving a term for qualifying prison prior enhancement and to provide the name of those persons and other specified identifying information to the sentencing court. (§ 1172.75, subd. (b).)

---

[2] At the time of its enactment in January 2021, section 1172.75 was numbered section 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute (Stats. 2022, ch. 58, § 12). For the sake of simplicity, we will refer to the provision by its current number.

Upon receiving names from CDCR, the sentencing court must review each person's current judgment to be sure it includes a qualifying prison prior enhancement. (§ 1172.75, subd. (c).) If the court determines the current judgment includes such an enhancement, it must recall the sentence and resentence the defendant. (*Ibid.*)

Following the passage of section 1172.75, a dispute arose in the courts of appeal with respect to whether the word "imposed" in subdivision (a) was intended to limit the provision's resentencing relief to defendants whose qualifying prison prior was imposed and executed, or if the resentencing was also available in cases like the present one in which the sentence was imposed but stayed. (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1056–1057 (*Rhodius*).)

2. *The Application of Section 1172.75 in Defendant's Case, Resulting in this Appeal*

Defendant was included in a CDCR list of persons sentenced in Riverside County considered to be eligible for resentencing relief because of a prison prior.[3] At the ensuing unreported eligibility hearing, the trial court found defendant was not entitled to a section 1172.75 resentencing hearing.

**DISCUSSION**

Defendant argues the court erred (i) when it failed to afford him a full resentencing hearing pursuant to section 1172.75, (ii) when it conducted the section 1172.75 hearing

---

[3] On our own motion, we (i) took judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642, and (ii) augmented the record in this case to include the CDCR list attached to those declarations. That list, dated June 16, 2022, sets forth the names of persons eligible for relief under section 1172.75 in active cases for Riverside County. Defendant's name appears on page 29.

without defendant being present, and (iii) and when it failed to strike the legally invalid prison prior enhancements.

In *Tobias I.*, we affirmed the trial court's decision, finding defendant was not eligible for resentencing because the sentences for his prison priors had been stayed and instructed the trial court to strike the stayed prison prior enhancements. (*Tobias I.*, *supra*, E083309.) We also found that his absence from the eligibility hearing did not establish cause for reversal of the trial court's order denying him a section 1172.75 resentencing hearing. (*Ibid.*)

When we issued our opinion in *Tobias I.*, *supra*, E083309 the issue whether section 1172.75 applied to qualifying prison prior enhancements that had been imposed and stayed was pending in the California Supreme Court in *Rhodius*, *supra*, 17 Cal.5th 1050. Defendant petitioned that court for review of *Tobias I.*

On June 26, 2025, the California Supreme Court held that a defendant whose qualifying prison prior enhancement was imposed and stayed is entitled to resentencing. (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.) It granted defendant's petition for review and transferred the matter back to this court with directions to vacate our decision in *Tobias I.*, *supra*, E083309 and reconsider the cause in light of its decision in *Rhodius*. Thereafter, we invited the parties to submit supplemental briefing, which they have done.

In their supplemental arguments submitted in response to our invitation, defendant and the People posit that this matter should be reversed and remanded to the trial court for a full resentencing hearing because, like the defendant in *Rhodius*, defendant has qualifying prison prior enhancements that have been imposed and stayed. We agree.

5

Because we will remand defendant's case for a full resentencing hearing, there is no need to address defendant's argument in his opening brief that resentencing is called for because of his absence from the eligibility hearing.

**DISPOSITION**

The trial court's order finding defendant ineligible for resentencing under section 1172.75 is reversed with instructions to recall defendant's sentence and to hold a section 1172.75 resentencing hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

MILLER

J.